Nolan E. WILSON, Appellant,

v.

Essex C. BROOKS, Appellee.

No. 13530.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1959.

Joe E. Briscoe, Devine, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Essex C. Brooks against Nolan E. Wilson, seeking to recover actual damages in the sum of $873.36, and $1,000 exemplary damages. The trial was before the court without the intervention of a jury, and resulted in judgment in favor of plaintiff and against defendant in the sum of $873.36 actual damages and $350 exemplary damages, from which judgment Nolan E. Wilson has appealed.

The appellee, Brooks, offered evidence at the trial that he purchased a Chevrolet automobile from Wilson, for which he agreed to pay the sum of $500 cash, and thereafter to make thirty-six monthly installment payments of $60 each. He further testified that he signed a sales contract in blank and left it with Wilson to be filled in, in accordance with the above stated agreement; and that Wilson caused this sales contract to be filled in, showing the $500 cash payment, but requiring twelve

monthly payments in the sum of $69 each, and twenty-four monthly payments in the sum of $91.89 each; and that thereafter appellant sold this contract to General Motors Acceptance Corporation.

Appellant offered evidence to the effect that the sales contract was completely filled out, showing the twelve payments of $69 per month, and twenty-four payments of $91.89 per month, before it was signed by Brooks. The trial court found that the General Motors Acceptance Corporation purchased the sales contract in good faith for value and that it was binding upon Brooks, and further found in favor of Brooks against Nolan E. Wilson in the amounts set out above.

Appellant's first point is as follows:

"The weight and sufficiency of the evidence established existence of the written contract on basis of 12 payments of $69.00 and 24 payments of $91.89."

 We overrule this contention. There was evidence from which the trial court might have found in favor of Wilson or in favor of Brooks, but the judgment shows that the court believed and gave credence to the testimony of appellee, that he had signed the contract in blank and that it had not thereafter been filled in in the manner agreed upon. The weight and sufficiency of the evidence was a matter to be passed upon by the trier of facts, and where there is evidence in the record of probative force, from which reasonable minds might have arrived at the conclusion reached by the trial court, his finding thereon is binding upon this Court. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Ayala v. Maume, Tex.Civ.App., 318 S.W.2d 698.

Appellant's second and third points are·

"There is a fatal variance in the pleading of the appellee and· his proof wherein he alleges an oral contract but proves a written contract.

"That no fraud existed, was not properly plead, and not proven."

 We find no fatal variance in the pleadings, and the proof and the evidence were sufficient to show that a fraud had been perpetrated upon appellee, in that the sales contract had not been filled in in the manner agreed upon by the parties.

The judgment is affirmed.