Max E. REDBURN, Administrator of the Estates of James E. Redburn, Deceased and Edith H. Redburn, Deceased, et al., Appellants,

v.

Fred W. SHIELD et al., Appellees.

No. 13598.

Court of Civil Appeals of Texas.

San Antonio.

July 25, 1960.

As Modified on Denial of Rehearing Aug. 24, 1960.

John Peace, Evans & Williams, San Antonio, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

Carl Wright Johnson, Nat L. Hardy, Lucian L. Morrison, San Antonio, for appellees.

MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Bexar County, following a jury trial, which granted the plaintiffs (appellants here) certain monetary damages, but denied them the relief they sought of rescission of a sale of certain corporate stock of Illinois Petroleum Company. The sale had been made in 1939 by Edith H. Redburn, now deceased, to Fred W. Shield. Max E. Redburn, Robert H. Redburn, Clare Dean Redburn, Betty Jo Gaddy, plaintiffs below, were the children and all of the children of James E. Redburn, who died in January, 1937, intestate, and

Edith H. Redburn, who died in June, 1956. The trial court severed the issues and heard only the question of liability, leaving the accounting and other matters to a future hearing. The cause was submitted to the jury upon sixty special issues, some of which were answered favorably to the plaintiffs and others favorably to the defendants.

■ It is apparent that the sale of the sixty-two shares of the Illinois Petroleum Company stock was made in 1939, and that Edith H. Redburn lived nearly seventeen years after the sale was made. The basis of this lawsuit is that Fred W. Shield perpetrated a fraud upon Edith H. Redburn, and induced her to sell him this stock for the sum of $201,756.50, when in fact it was worth $220,000. A suit to rescind this sale would be barred by the four-year statute of limitation, unless for some reason the statute of limitation, Art. 5529, Vernon's Ann.Tex.Stats., would be tolled. Cunningham v. Parker, Tex.Civ.App., 219 S.W.2d 698.

■ The burden was upon the heirs of Edith Redburn to allege, prove and obtain a finding from the jury to the effect that Edith Redburn did not discover the fraud which they allege was perpetrated upon her and that by the exercise of reasonable diligence she could not have found out the nature of the fraud complained of prior to the 16th day of October, 1952, the suit having been filed on October 16, 1956. 28 Tex. Jur. p. 294, § 200 and p. 297, § 202.

No issue was given or requested concerning whether Edith H. Redburn could not have found out the fraud alleged by the use of reasonable diligence on her part. This burden was upon the Redburn heirs if they expected to recover in this suit, filed more than seventeen years after the fraud was alleged to have been perpetrated upon Edith H. Redburn.

The record shows that after the charge had been read to the jury, and after the attorneys had concluded their arguments, and after the jury had been deliberating for approximately three days, appellants did request the following two issues:

"Do you find from a preponderance of the evidence that Mrs. Edith H. Redburn was not in possession of facts or information as would have put an ordinarily prudent person upon inquiry which if diligently pursued would have led to the discovery prior to October 16, 1952, of the cause of action, if any, asserted herein relative to the sale of Illinois stock to defendant Fred W. Shield?

"Answer: 'She did not have possession,' or 'She did have possession.'
"We, the jury, answer————."

"Do you find from a preponderance of the evidence that Mrs. Edith H. Redburn had no knowledge prior to October 16, 1952, of the cause of action, if any, asserted herein relative to the sale of the Illinois stock to defendant Fred W. Shield in September, 1939?

"Answer: 'She had no knowledge,' or 'She had knowledge.'

"We, the jury, answer:————."

■ The trial court refused to submit these two specially requested issues to the jury at that late date, and the action of the court in this respect is not assigned as error. Rule 272, Texas Rules of Civil Procedure, requires that such requested issues must be presented before the reading of the charge to the jury.

Under the record, appellee's cause of action for the fraud alleged to have been committed in 1939 was barred by the four-year statute of limitation. Art. 5529, supra; LaNeve v. Hinkson, Tex.Civ.App., 271 S.W. .2d 467; Carminati v. Fenoglio, Tex.Civ. App., 267 S.W.2d 449; Cadena v. Cadena, Tex.Civ.App., 223 S.W.2d 678; Cunningham v. Parker, Tex.Civ.App., 219 S.W.2d 698; Landram v. Robertson, Tex.Civ.App., 195 S.W.2d 170; Boren v. Boren, 38 Tex.

Civ.App. 139, 85 S.W. 48; McDonald v. McGuire, 8 Tex. 361; 28 Tex.Jur., §§ 200, 202, 204, pp. 294 et seq.

The trial court rendered judgment refusing any recovery based upon fraud alleged to have been committed by Fred W. Shield upon Mrs. Edith H. Redburn in 1939, so that if the trial court made any implied findings as a result of its judgment, they were in favor of Shield, and against the appellants.

Appellants contend that the undisputed evidence shows that Edith H. Redburn was not in possession of any fact or facts which if pursued with diligence would have lead to discovery of the alleged fraud prior to June 16, 1952. We do not agree. Edith H. Redburn continued to live in San Antonio until the time of her death in 1956. The evidence certainly does not conclusively show as a matter of law that by the use of reasonable diligence she could not have discovered the fraud which her children now say was perpetrated upon her by Fred W. Shield in purchasing her sixty-two shares of stock in the Illinois Petroleum Company. The trial court here made no implied finding favorable to appellants inasmuch as no recovery was allowed for the alleged fraud in the purchase of Edith Redburn's stock in the Illinois Petroleum Company.

■ Appellants' further contention that proper questions were submitted to the jury with reference to the purchase by Fred Shield of Edith H. Redburn's interest in the Cummins lease, is only incidental to this cause of action. The contention is that she was fraudulently induced to sell her interest in the Cummins lease for an inadequate consideration and, therefore, in 1939 the value of the Cummins lease should have been treated as an asset of the Illinois Petroleum Co. The fact that Edith H. Redburn could not, by the use of reasonable diligence, have discovered the fraud allegedly perpetrated upon her in the purchase of her interest in the Cummins lease in 1937 could not toll the running of the statute of limitation upon her cause of action for the alleged fraud perpetrated upon her in 1939 by Fred W. Shield in his purchase of her sixty-two shares of stock in the Illinois Petroleum Company.

■ Appellants further contend that the sixty-two shares of stock in the Illinois Petroleum Company were acquired by purchase by James E. Redburn and his wife during their marriage and were therefore community property and not the separate property of Edith H. Redburn. If such shares of stock were in fact community property of James E. and Edith H. Redburn, one-half of these shares would have been inherited by their children at the time of James E. Redburn's death, as he did not leave a will. If one-half of the stock belonged to the children, Mrs. Redburn would have no authority to sell the children's part to Fred W. Shield, except by proper court order and under certain circumstances not shown to exist here. We do not agree that the sixty-two shares were community property of James E. and Edith H. Redburn at the time of the husband's death intestate. The evidence shows that Fred W. Shield wrote the following letter to Edith Redburn with the knowledge and consent of James E. Redburn, her husband:

"To: Mrs. J. E. Redburn

"On account of the many kind favors and good advice I have received from your husband, I am giving you 62 shares of the capital stock of my company which I am now organizing and naming the Illinois Petroleum Company. This stock will be held by me as trustee and will be used by me when necessary to help the company in borrowing money or making deals.

"/s/ Fred W. Shield"

This letter shows a gift of the stock to Edith Redburn, acquiesced in by her husband, and therefore such stock became the separate property of Edith Redburn. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Callahan v. Houston, 78 Tex. 494, 14 S.W.

1027; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900; Pointer v. Pointer, Tex.Civ. App., 197 S.W.2d 504; Shook v. Shook, Tex.Civ.App., 125 S.W. 638.

■ The jury found, in answer to Question No. 11, that the Illinois stock was not acquired as community property of J. E. Redburn and Mrs. Edith H. Redburn, and in answer to Question No. 4, that J. E. Redburn intended at the/time of issuance, that 25 shares of stock of the Pittsburg Petroleum Company should be the separate property of Edith H. Redburn. These findings are not assailed in any way by appellees and are therefore binding upon them. Appellants filed no motion for judgment non obstante veredicto, nor to disregard those findings by the jury and they are therefore bound by them. Rules 300, 301, T.R.C.P.

■ Appellants' Tenth Point of Error is as follows:

"The Trial Court erred in severing the issues with respect to damages and accounting from issues of liability and requiring separate trials on such issues."

In view of the fact that we have decided that appellants' cause of action for fraud was barred by the four-year statute of limitation, if there was any error in severing such issues and requiring separate trials, the error has undoubtedly become harmless. Rule 434, T.R.C.P.

Appellants' Eleventh Point reads as follows:

"The Trial Court erred in granting two sets of six peremptory challenges each to the jury panel, six to the Defendants Fred W. Shield, Vera Shield and H. A. de Compiegne on the one hand, and six to the Defendant O. F. Spear, Jr., on the other hand, because such action permitted the Defendants twice as many strikes as the Plaintiffs

and accordingly denied Plaintiffs (Appellants) a fair trial."

■ We overrule this point. The defendant O. F. Spear, Jr., was charged with being a fiduciary of Edith H. Redburn and of occupying a position of trust and confidence in relation to her, and he is further charged with violating such fiduciary and confidential relation and entering into a conspiracy with Shield and de Compiegne to defraud her. Relief is sought by plaintiffs against Spear because of his individual breach of trust against Edith H. Redburn, as well as on the ground of conspiracy. The trial court had to determine the number of peremptory challenges to be allowed each defendant before the trial began. Under all of the circumstances the trial court did not err in granting to the defendants Shield and de Compiegne six peremptory challenges, and six to Spear. Edwards v. West Texas Hospital, Tex.Civ.App., 107 S.W.2d 729.

Appellants Twelfth Point of Error reads as follows:

"The Trial Court erred in failing to order a new trial following the inflammatory argument of Counsel for Defendants directed at Appellant Max E. Redburn."

■ We overrule this point. The attorney for appellees did make a very caustic statement concerning one of the appellants, Max E. Redburn, but no objection was made to it at the time it was uttered. The arguments in this case lasted for four hours. This is the only complaint raising the question of improper argument. The trial court was unable to recall whether such statement was in response to some argument of opposing counsel. Under the circumstances no reversible error is shown. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

In view of the conclusions we have reached above, we deem it unnecessary to

pass upon other matters raised by appellants.

██ ·The trial court rendered judgment in favor of defendants below H. A. de Compiegne and O. F. Spear, Jr. It is plain that if appellants' cause of action was barred against Fred W. Shield by the four-year statute of limitation, then it was also barred against H. A. de Compiegne and O. F. Spear, Jr., and the trial court properly so held.

The judgment of the trial court is affirmed.