**MERCEDES DUSTING SERVICE, INC.,**
Appellant,

v.

**Kenton EVANS, d/b/a Kenton Evans Custom Furniture, Appellee.**

No. 13895.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 31, 1962.

Smith, McIlheran & Jenkines, Weslaco, for appellant.

L. Aaron Pena, Edinburg, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Kenton Evans, doing business as Kenton Evans Custom Furniture, against Mercedes Dusting Service, Inc., seeking to recover the sum of $4.00 per hour for the man hours spent in repairing a Stearman airplane wing, alleged to have been agreed upon, and in the alternative for the reasonable value of his services. The trial court found that the defendant had not contracted to pay the sum of $4.00 per hour for the services, but had agreed to pay a reasonable compensation, and on this basis rendered judgment for the sum of $1.00 per hour, or a total sum of $246.00, plus attorney's fees, in favor of plaintiff against defendant, from which judgment Mercedes Dusting Service, Inc., has prosecuted this appeal.

Appellant's first point of error is as follows:

"The Honorable Trial Judge below erred when he held as a matter of law that Appellant was estopped from invoking a defective performance of the contract as a defense because it is the settled law of this State that, for a party to avail himself of the defense of estoppel, such estoppel must be specifically pleaded, such pleading being totally absent in the record of this cause."

The trial was before the court without the intervention of a jury, and the court made the following findings of fact:

"1. Defendant, Mercedes Dusting Service, Inc., through its authorized agent, Royce Norman, engaged Plaintiff's services and Plaintiff rendered his services at Defendant's instance and for Defendant's benefit.

"2. There was never a mutual understanding between the parties as to the amount of rate of compensation for the proposed services of Plaintiff; but Defendant's agents and representatives did promise to pay Plaintiff reasonable compensation and Plaintiff rendered his services with expectation of being paid.

"3. No condition as to type of performance was exacted upon Plaintiff's work.

"4. Plaintiff, Kenton Evans, did not purport to possess skill in the work he undertook to perform for Defendant.

"5. Plaintiff rendered his services in good faith, performing to the best of his ability.

"6. The end product of Plaintiff's services, to-wit: a reconstructed Stearman Wing, was unloaded and taken into custody by Defendant when delivered at its place of business.

"7. Defendant, through its agents and representatives, had the opportunity to intermittently observe and to have corrected any defects in the work of Plaintiff.

"8. Defendant did not apprize Plaintiff of any deviation of irregularity in his performance due in the progress of the job.

"9. Plaintiff rendered services to Defendant for a total sum of two hundred forty-six (246) hours.

"10. Considering Plaintiff's experience and ability in the particular type of work involved, and in light of the unusually large number of hours in the performance of the job, the Court finds One ($1.00) Dollar per hour to be the reasonable value of Plaintiff's services.

"11. Plaintiff caused Defendant to be notified more than thirty days prior to institution of suit, demanding payment by reason of his services, and to which Defendant refused.

"12. Plaintiff agreed to compensate for attorney bringing suit a contingent fee of 25% per cent, the same being the usual customary and reasonable fee for attorney's services in this case."

■ These findings of fact are not attacked by appellant as being unsupported by the evidence. Appellant does attack the conclusions of law made by the trial court, but this was a trial before the court, and as the findings are sufficient to support the judgment, it will be upheld even though the trial judge erred in some of his conclusions of law. Rules 206, 300, 301 and 307, Texas Rules of Civil Procedure; Redburn v. Shield, Tex.Civ.App., 338 S.W.2d 323; Wilson v. Brooks, Tex.Civ.App., 329 S.W.2d 135; Campbell v. Swinney, Tex.Civ.App., 328 S.W.2d 330; Turner v. Day, Tex.Civ. App., 322 S.W.2d 300; Orr v. Orr, Tex. Civ.App., 226 S.W.2d 172; Walton v. Woolworth, Tex.Civ.App., 222 S.W.2d 347; Keeton v. Gillam Soap Works, Tex.Civ.App.,

215 S.W.2d 675; John Hancock Mutual Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416.

 Rules 300 and 301, Texas Rules of Civil Procedure, require among other things that the judgment must conform to the findings of fact, but we are not aware of any rule that requires the judgment to conform to the conclusions of law. If the trial court renders an otherwise correct judgment, it will not be set aside because it made one or more incorrect conclusions of law. An Appellate Court is bound by the findings of fact made by the trial court, unless they are found to be unsupported by sufficient evidence, or unless they are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong, but an appellate court is not bound by an incorrect conclusion of law made by the trial judge based upon his findings of fact. The appellate court will simply correct the incorrect conclusion of law, and if the judgment is found to be correct it will be upheld, although based upon an incorrect conclusion of law. The mere fact that the trial court may have erred in concluding as a matter of law that appellant was estopped from invoking a defective performance, such incorrect conclusion of law is no reason for reversing the judgment supported by the facts found by the trial court.

We do not consider that this is a recovery on a "quantum meruit" basis, but simply a recovery based upon reasonable value of appellee's services as was contracted to be paid by the appellant. The court found that the agreement was to pay the reasonable value of the time consumed in making the repairs upon the Stearman Wing, rather than the rate of $4.00 per hour.

The evidence shows that appellant went into this contract with its eyes open, as appellee informed it that he was not a wing repair man, that he held himself out only as an expert furniture repair man. He did not agree to undertake the task until after he had fully advised appellant of the lack of skill, insofar as "Stearman Wings" were concerned, and after he had been urged several times by appellant to undertake the job.

 Appellant undertook to set up the defense of "defective performance", which does not apply under the findings of fact made by the trial court. It is well settled that where "a person holds himself out as specially qualified to perform work of a particular character, there is an implied warranty that the work which he undertakes shall be of proper workmanship and reasonable fitness for its intended use, * * *." 17 C.J.S. Contracts § 329, page 781; Hill v. Polar Pantries, 219 S.C. 263, 64 S.E.2d 885, 25 A.L.R.2d 1080. But here the opposite is true, appellee not only did not hold himself out as a skilled repair man for "Stearman Wings", but informed appellant that he was not so skilled. The trial court properly held that the doctrine of defective performance did not apply, and must have used the word estopped in a general sense rather than as a technical legal term.

The judgment is affirmed.