MEDICAL SLENDERIZING,
INC., Appellant,

v.

The STATE of Texas, Appellee.

No. 1203.

Court of Civil Appeals of Texas,
Tyler.

March 29, 1979.

Rehearing Denied April 19, 1979.

Murray L. Lieberman, Lieberman, Tratras & Markowitz, Houston, for appellant.

Debra Ravel, Asst. Atty. Gen., Austin, for appellee.

MOORE, Justice.

Medical Slenderizing, Inc., appellant, perfected this appeal from a judgment rendered in favor of appellee, the State of Texas, assessing civil penalties against Medical Slenderizing, Inc., for the total sum of $3,000.00 for the violation of an order of the court entered permanently enjoining appellant from making certain representations to its customers in conducting its weight control business.

We affirm.

In order to understand the case, a brief historical background will be helpful. The record reveals that in May 1975 appellant was engaged in operating several weight reduction and weight control clinics in this state under the name of Medical Slenderizing, Inc. Customers were solicited through advertisements placed in area newspapers. The weight reduction program consisted primarily of a 500-calorie-a-day diet and a series of injections of vitamin B–12 and a substance called Human Chorionic Gonadotropin. In the course of the business, appellant's customers were advised that Human Chorionic Gonadotropin was effective in bringing about a loss of weight and were given a booklet extolling the use of such substance as a weight reduction method.

In May 1975, the State of Texas filed suit against appellant under the provisions of the Deceptive Trade Practices-Consumer Protection Act,[1] sec. 17.41 et seq., Tex.Bus. & Commerce Code Ann., seeking a permanent injunction restraining appellant from representing to the public and to its customers that the injection of Human Chorionic Gonadotropin had any effect on weight reduction or that such substance would decrease hunger brought about by a low calorie diet. That case resulted in an agreed judgment in which appellant was permanently enjoined from committing certain acts and practices in conducting its weight reduction clinics. The practices permanently enjoined, material to this appeal, were as follows: (a) representing to consumer orally or in writing that Human Chorionic Gonadotropin (hereinafter referred to as HCG) has any effect on weight reduction or weight control, and (b) representing to consumers, orally or in writing that HCG causes a decrease in hunger or other discomforts associated with calorie-restricted diets.

Thereafter on August 17, 1977, the State filed the present suit against Medical Slenderizing alleging numerous violations of the injunction order and sought judgment for civil penalties pursuant to sec. 17.47(e) of the Act, supra. After a hearing before the court, without a jury, the trial court entered judgment reciting that appellant had committed certain acts in violation of the injunction order rendered by the court as follows: (1) that appellant had orally represented to a customer that HCG has an effect on weight reduction and weight control; and (2) appellant had orally represented to a customer that HCG causes a decrease in hunger associated with a calorie-restricted diet. Pursuant to such findings the trial court rendered judgment against appellant for civil penalties in the sum of $1,500.00 for each of the said violations for a total of $3,000.00, from which judgment appellant Medical Slenderizing perfected this appeal.

Before discussing the case on its merits, we note that both parties seem to have briefed the case on the theory that the court found that appellant violated the injunction by making both oral and written representations prohibited by the decree. The judgment, however, recites that the court found that appellant violated the injunction by "orally" making the prohibited representations. It is thus apparent that the penalties were assessed solely on the basis of agents' oral violations and not written violations. Therefore issues to be decided are confined to: (1) whether appellant's agent orally violated the injunction; and (2) and if so, whether the statutory penalties may be assessed against the appellant corporation based on its agents' violations.

Upon appellant's request the trial court filed extensive findings of fact and conclusions of law. The findings of fact material to this appeal, as numbered by the trial court, are as follows: (12) Defendant Medical Slenderizing, Inc., expressly represented through its employees at Medical Slenderizing Clinics in Austin, Texas, that Human Chorionic Gonadotropin (HCG) had an effect on weight reduction or weight control; (13) Defendant Medical Slenderizing, Inc., expressly represented through its employees at Medical Slenderizing Clinics in Austin, Texas, that HCG causes a decrease in hunger associated with a calorie-restricted diet; and (16) Defendant Medical Slenderizing, Inc., did not maintain procedures reasonably adapted to insure compliance with the Agreed Final Judgment and Permanent Injunction entered May 22, 1975.

The conclusions of law material to this appeal as numbered by the trial court are as follows: (3) Defendant Medical Slenderizing, Inc., is bound by the acts and representations of its agents, employees and representatives; (4) Defendant Medical Slenderizing, Inc., violated Paragraph 1A of said Agreed Final Judgment and Permanent Injunction by representing that HCG has any effect on weight reduction or weight control; (5) Defendant Medical Slenderizing, Inc., violated Paragraph 1B of said Agreed

1. Hereinafter referred to as the "Act."

Final Judgment and Permanent Injunction by representing that HCG causes a decrease in hunger or other discomforts associated with a calorie-restricted diet; (6) Defendant Medical Slenderizing, Inc., is liable for civil penalties for violation of said Agreed Final Judgment and Permanent Injunction; and (7) Defendant Medical Slenderizing, Inc., violated the Agreed Final Judgment and Permanent Injunction on two separate occasions, for which a penalty of $1,500 per violation is assessed, for a total of $3,000.00.

Under the first, second, third, and fourth points of error, appellant contends that there is no evidence to support the court's finding: (a) that appellant expressly represented through its employees that HCG had an effect on weight reduction or weight control; or (b) that appellant represented by way of a booklet that HCG had an effect on weight reduction or that HCG causes a decrease in hunger associated with a calorie-restricted diet as found by the court in findings of fact Nos. 12 and 13, or in the alternative that such findings are against the great weight and preponderance of the evidence.

■ In testing the sufficiency of the evidence to determine whether it will support the trial court's findings, we must give credence only to the evidence and circumstances favorable to the findings, disregarding all evidence and circumstances to the contrary. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953); *Heard v. City of Dallas,* 456 S.W.2d 440 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.).

■ In order to show that appellant had violated the injunction order, the State called two witnesses who had enrolled in the weight reduction program at a clinic operated by appellant in Austin, Texas. Betty Warner testified that when she enrolled, she was told by appellant's manager, Ted Booker, that HCG would rid the body of fat and that if she followed the whole program consisting of the diet, B–12 shots and HCG shots she would not be hungry. She testified that contrary to such representation, that after following the program for a time she became hungry. Marsha

McCowan testified that she also enrolled in the same weight reduction clinic operated by appellant and that upon enrolling, one of the employees stated to her that "You had to have HCG or you would not lose the fat proportionately all over your body at the same time" and "that HCG shots would help dislodge, loosen the fat all over your body and not just in certain areas." Appellant's manager was not called and did not testify in the case.

Upon applying the above mentioned rules of law to the facts, we are of the opinion that there is sufficient evidence of probative force to sustain each of the findings of fact challenged by appellant. Further, after having reviewed the entire record, and after having weighed and balanced all the evidence, both that in favor of findings Nos. 12 and 13, as well as that against such findings, we have concluded that neither of such findings are against the overwhelming weight and preponderance of the evidence. It follows that the judgment finding that appellant's agent or employee had violated the injunction must be sustained. Points 1 through 4 are overruled.

■ Points 5 through 8 complain of the court's findings of fact Nos. 14 and 15 in which the court found that appellant represented, through a booklet given to the program participants, that HCG had an effect on weight reduction or weight control and that HCG caused a decrease in hunger associated with a calorie-restricted diet.

As pointed out before, the judgment recites that the penalties levied against appellant were based solely on oral representations in violation of the injunction decree. There is nothing in the judgment indicating that the trial court intended to assess penalties against appellant for making written representations in violation of the injunction decree. It is therefore immaterial to this appeal whether appellant violated the injunction decree by supplying the program participants with any type of written representations. Consequently, the findings complained of by these points must be disregarded as superfluous and immaterial.

Accordingly, points 5 through 8 are overruled.

■ By the ninth point appellant contends that there is no evidence to support the trial court's finding of fact No. 16, in which the court found that appellant failed to maintain procedures reasonably adapted to insure compliance with the agreed injunction decree entered by the court. Alternatively, appellant contends that such findings are against the overwhelming weight and preponderance of the evidence.

Section 17.47(e), Tex.Bus. & Commerce Code Ann., provides in part as follows: "In determining whether or not an injunction has been violated the court shall take into consideration the maintenance of procedures reasonably adapted to insure compliance with the injunction."

The record shows that after the injunction decree had been entered, appellant prepared a new Personnel Manual in which its employees were instructed not to state that HCG had any effect on weight reduction or weight control or that HCG caused a decrease in hunger or other discomforts associated with a diet. The manual stated that a violation of such instructions would result in dismissal. The evidence shows that each employee was required to sign the Personnel Manual. However, since none of appellant's employees were called as witnesses there is no evidence that appellant's manager, Ted Booker, or any other employee ever read the manual, nor is there any evidence that appellant took the precaution to orally instruct them not to make such representations. The record is devoid of any evidence showing whether appellant ever made any investigation to determine whether the instructions were being followed and there is nothing in the record showing whether its manager was ever disciplined or discharged for violating the instructions. Thus, under the record before us, it appears that the only effort made to comply with the terms of the injunction was the printing of the new personnel manual without any showing as to whether the same was read by the employees. In any event, the evidence establishes that instructions in the manual were ignored.

Section 17.47(e) of the Act requires only that the court consider the maintenance of procedures reasonably adapted to insure compliance with the injunction. Apparently the trial court concluded that the mere preparation of the new Personnel Manual, standing alone, was not sufficient to show that appellant instituted procedures reasonably adapted to insure compliance. In our view the record contains sufficient evidence of probative force to support the trial court's finding that appellant failed to adopt reasonable procedures to insure compliance with the court's order. Upon considering the record as a whole, we have concluded that the court's finding is not against the overwhelming weight and preponderance of the evidence. Points 9 and 10 are overruled.

Under the eleventh point, appellant attacks conclusion of law No. 3 wherein the court concluded that appellant was legally bound by the acts of its agents, servants and employees in making the representations prohibited by the injunction decree. Appellant takes the position that this conclusion is erroneous in that a principal is bound only by the act of its agent when the act is within the ordinary and usual course of the business entrusted to the agent. Based on this premise, appellant argues that since its manager had been instructed not to make the prohibited representations, he was not acting in the course and scope of his employment and therefore appellant, Medical Slenderizing, was not bound thereby. We are not in accord with this proposition.

Section 17.47(e), supra, provides in part, as follows:

"Any person who violates the terms of an injunction under this section shall forfeit and pay to the State a civil penalty of not more than $10,000.00 per violation, not to exceed $50,000."

The statute further provides that the term "person" includes a corporation. The statute does not require that the injunction be "knowingly" violated.

The injunction decree in the present case recites that the corporation, as well as its agents, servants and employees, were enjoined from making the previously mentioned representations to its customers. It having been established that appellant's manager violated the injunction, the narrow question raised by this point of error is whether the appellant corporation may be held liable for the statutory penalty based on a violation committed by its agent or employee.

■ The general rule is that an employer may be held accountable for the wrongful act of his employee committed while acting in his employer's business and within the scope of his employment, although he had no knowledge thereof or had even expressly forbidden it. 53 Am.Jur.2d, Master & Servant, sec. 435, p. 453; *International & G.N.R. Co. v. Anderson*, 82 Tex. 516, 17 S.W. 1039, 1040 (1891); *Blackwell v. Ship Channel Development Co.*, 264 S.W. 223, 227–28 (Tex. Civ.App.—Beaumont 1924, writ dismissed).

We see no reason why the same rules should not be applicable to impose a civil penalty on a corporation based on the conduct of its agent in violating an injunction decree. The rule governing civil liability is applicable when the act is done by the agent in the course of his employment, although done wantonly or recklessly or against the express orders of the principal. In such cases the liability is not imputed because the principal actually participates in the malice or fraud, but because the act is done for the benefit of the principal, while the agent is acting within the scope of his employment in the business of the principal and justice requires that the latter shall be held responsible.

■ In the present case we are to consider the penal responsibility of the corporation for an act done while an authorized agent is exercising the authority conferred upon him. The evidence shows that appellant's agent, Ted Booker, was in charge of the Austin, Texas clinic and violated the injunction by making prohibited representations. His motive in making the prohibited representations was to induce them to become paying customers. The record shows he succeeded in his efforts. Thus his conduct was within the scope of authority and employment of his company. Being clothed with authority by his employer he had a duty not to violate the injunction decree. Applying the principal governing civil liability, we go only a step further in holding that the act of the agent, while exercising the authority delegated to him to secure customers for appellant's business, may be imputed to his employer thereby subjecting the appellant to the penalties imposed by the statute. *Waters-Pierce Oil Co. v. State*, 19 Tex.Civ.App. 1, 44 S.W. 936, 946 (1898).

It has been said that "The treasury of the business may not with impunity obtain the fruits of violations which are committed knowingly by agents of the entity in the scope of their employment. Thus pressure is brought on those who own the entity to see to it that their agents abide by the law." *United States v. A & P Trucking Company*, 1958, 358 U.S. 121, 126, 79 S.Ct. 203, 207, 3 L.Ed.2d 165; *New York Central & Hudson River R.R. Co. v. United States*, 1909, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613; *Standard Oil Company of Texas v. United States*, 307 F.2d 120 (5th Cir. 1962). We are aware of the fact that the last cited cases stand for the proposition that a corporation is criminally liable for the acts of its agent done with a view of furthering the master's business; however, in so holding the courts followed the same rules governing civil liability of a corporation for the acts of its agent. If a corporation is to be held responsible for the acts of its agent for violation of a criminal statute, we see no reason why a corporation should not be held responsible for statutory civil penalties based on the act of its agent in furthering the business of the corporation.

■ Under points 12 through 19 appellant attacks various conclusions of law made by the trial court. We perceive no error in any of the points. If, however, the conclusions could in some manner be deemed to be erroneous, we are not aware of any rule that requires the judgment to conform to the conclusions of law found by

the trial court. If the trial court renders an otherwise correct judgment, it will not be set aside because the court may have made incorrect conclusions of law. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939); *Mercedes Dusting Service, Inc. v. Evans,* 353 S.W.2d 894, 895 (Tex.Civ.App.—San Antonio 1962, no writ history), citing cases. Having concluded that the trial court's findings of fact were supported by the evidence and were not against the overwhelming weight and preponderance of the evidence, this court is bound by such finding and we would not be authorized to overturn the judgment on the ground that the judgment is not supported by conclusions of law.

Affirmed.