Jack FRITSCH, et ux., Appellants,

v.

TEXAS REAL ESTATE COMMISSION,
Appellee.

No. 8298.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 6, 1979.

Allan R. Black, Austin, for appellants.

Bill Campbell, Austin, for appellee.

CLAYTON, Justice.

Appellants appeal from an order of reimbursement for damages from the Real Estate Recovery Fund created by the Real Estate License Act. *Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8* (Vernon Supp.1978), herein-after referred to as the Act. The effective date of this Act was May 19, 1975.

On March 25, 1975, appellants, Mr. and Mrs. Jack Fritsch, entered into a contract of sale for the purchase of approximately eleven acres of land from James A. Stuart, a real estate salesman. This contract provided for a total purchase price of $21,000, payable to Stuart, with a cash payment of $5,000 and the balance to be paid in 240 monthly payments. Upon payment of the purchase price, Stuart agreed to deliver a general warranty deed to purchaser. There were no acknowledgements to the signatures on this contract, and therefore it was not and could not have been filed for record. At the time of the execution of this contract, Stuart did not own the property. He purchased a tract of land, including the acreage sold to appellants, on September 17, 1975, executing a vendor's lien note for the total purchase price. This note was in default by Stuart, and, because of foreclosure proceedings on the entire acreage in 1977, appellants were unable to acquire the acreage subject to their contract with Stuart.

Pursuant to the terms of their contract of sale, appellants had paid $5,090 to Stuart prior to May 19, 1975, the effective date of the Act, and had paid the sum of $3,716.12 subsequent to such date. Appellants filed suit against Stuart and obtained a default judgment against him. They later filed this claim against the Recovery Fund for the amount of their "monetary damages" of $8,806.12, being the total amount paid to Stuart, both prior to and after the effective date of the Act. The trial court ordered that appellants be reimbursed from the Real Estate Recovery Fund for damages in the amount of $3,716.12, being the amount paid to Stuart after the effective date of the Act. It is from this judgment that appellants appeal.

Appellants complain of error by the trial court in denying them recovery for the sum of $5,090 which they had paid to Stuart prior to May 19, 1975. The basis of appellants' claim against the Recovery Fund is Stuart's misrepresentation to them that he was protecting their interest in the land.

Specific acts of misrepresentation were shown. They state in their brief "all the evidence shows that Stuart's wrongful conduct, on which their claim for reimbursement is based, occurred after May 19, 1975." They contend the $5,090 was part of the measure of damages for the breach of contract that occurred on March 1, 1977 (date of foreclosure), on which date their cause of action accrued. It is appellants' contention that such acts of misrepresentation, having been made after the effective date of the Act, constituted a breach of their contract after such date, and are entitled to recover, or be reimbursed, for all the moneys paid to Stuart as damages resulting from such breach of contract. They cite as authority therefor *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977), and *MacDonald v. Mobley*, 555 S.W.2d 916 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.). We do not consider these cases as authority for the proposition urged by appellants that they are entitled to reimbursement for the sums paid to Stuart prior to the effective date of the Act, because of the specific provisions of the Act, hereinafter discussed.

The sole question before this court is whether, under the facts of this case, appellants are entitled to be reimbursed from the Real Estate Recovery Fund the amount of $5,090, which sum was expended by appellants prior to the effective date of the Act. Appellee has made no complaint by proper cross-point as to the award of $3,716.12 which was expended subsequent to the effective date. *Part 1(a)* of *Tex.Rev.Civ.Stat. Ann. art. 6573a, § 8* (Vernon Supp.1978), establishes a real estate recovery fund which shall be used for reimbursing aggrieved persons who suffer monetary damages by reason of certain acts committed by a licensed real estate broker or salesman. The use of this fund is limited to an act that is "conduct which constitutes fraud, misrepresentation, deceit, false pretenses, or trickery."

*Part 3(c)* provides:

"(c) When an aggrieved person recovers a valid judgment . . . against a real estate broker, or real estate sales-man, on the grounds described in Part 1(a) of this section that occurred on or after the effective date of this Act, the aggrieved person may, after final judgment has been entered . . . file a verified claim . . . and . . . may apply to the court for an order directing payment out of the real estate recovery fund of the amount unpaid on the judgment . . . . .

"(d) . . . On the hearing on the application, the aggrieved person is required to show that:

"(1) the judgment is based on facts allowing recovery under Part 1(a) of this section . . . . ."

In view of the above-quoted provisions of *Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8* (Vernon Supp.1978), it is apparent that in this proceeding wherein appellants seek reimbursement from the Fund, the basic element for reimbursement is the judgment obtained against Stuart. This judgment must be founded upon grounds of acts of fraud or misrepresentation which occurred on or after May 19, 1975, and the judgment must be based upon facts allowing recovery under *Part 1(a)* of the Act. The amount of recovery is limited to the amount unpaid on the judgment, subject to the limitations stated in *Part 8*. The "amount unpaid on the judgment" must be construed as the amount which is based upon grounds occurring on or after May 19, 1975 and based upon grounds enumerated under *Part 1(a)* of the Act.

The record discloses that the default judgment obtained by appellants against Stuart was granted upon a cause of action alleged in the petition as being based upon acts constituting a violation of *Tex.Bus. & Com.Code Ann. § 27.01* (Vernon 1968), and in the alternative, as a deceptive trade practice under *Tex.Bus. & Com.Code Ann. § 17.41* (Vernon Supp.1978). Appellants' petition in that case alleged certain acts of misrepresentations inducing them to enter into three separate contracts of sale with Stuart. The evidence in that case, and in the case at bar, shows the primary contract of sale was executed March 25, 1975, pursuant to which $5,090 was paid, which is the subject matter of this appeal. Two addi-

tional contracts were entered into after May 19, 1975. Appellants, in the original suit against Stuart, specifically alleged as to such misrepresentations made by Stuart, that "[B]ut for Defendant's false representations, Plaintiffs would not have entered the contracts to purchase the 12.07 acre tract of land."

Under this allegation, appellants relied upon acts of Stuart which induced them to execute the contract of sale of March 25, 1975, pursuant to which they paid $5,090. The acts of Stuart necessarily occurred on or before March 25, 1975, as to this particular contract. Any act of Stuart occurring after the contract had been signed could not have induced them to execute the contract. That part of the judgment which included the $5,090 paid on the March 25, 1975 contract was based upon acts or grounds occurring prior to the effective date of the Act, and reimbursement for the sum of $5,090 was not permitted under the provisions of *Part 3(c)* of *Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8* (Vernon Supp.1978).

Appellee has made no complaint as to the order of reimbursement to appellants in the sum of $3,716.12.

The judgment of the trial court is affirmed.

Affirmed.