Charles STEWART, Jr., Individually et al., Appellants,

v.

Duane FITTS and Alma Grace Fitts, Appellees.

No. 6944.

Court of Civil Appeals of Texas, El Paso.

July 23, 1980.

Rehearing Denied Aug. 26, 1980.

Ronald E. Ragsdale, Andrews, for appellants.

G. Bert Smith, Jr., Andrews, for appellees.

### OPINION

WARD, Justice.

This is an action for personal injuries arising where a fourteen–year–old boy on a dirt bike ran into a single barbed wire strand where a fence line was under construction. Trial was to a jury, which failed to find that the accident occurred on a public road, failed to find any negligence on the part of the involved landowner, and faulted the boy with contributory negligence. The Plaintiffs appeal from the take nothing judgment entered on the basis of the jury verdict. We affirm.

The principal issue in the case was whether or not the strip of land where the accident occurred was a public road. In this regard, the Defendant, Mrs. Alma Grace Fitts, was one of four owners of the major portion of a half section of land located to the north of and adjoining the City of Andrews. The land was unfenced, native pasture land. In 1974, the landowners hired a surveyor who platted the land into tracts and streets, and who filed the plat in June of 1974 in the Deed Records of Andrews County. The plat shows that the property is bisected by a street running east and west. This road is paved and is known as the Butane Truck Route. The plat also shows a street running north and south which bisects a part of the property. This street crosses the Butane Truck Route, and appears as a continuation of Northwest 5th Street, which is a paved street within Andrews. We will hereafter refer to this street as the North–South street. On January 11, 1976, Mrs. Fitts, along with the other joint owners, executed an instrument called a Dedication Deed, which was then filed for record in the Deed Records of the county. The Dedication Deed describes three strips of land by metes and bounds located within the property, and one of those is the metes and bounds description of the North–South street. The instrument recites that the owners:

> [D]esire to dedicate to the public said lands for use as streets and/or alleys as a means of ingress and egress to and from the properties adjacent and surrounding said lands. . . .
>
> . . .
>
> [And] do hereby forever dedicate the lands described . . . to the public for its use as streets and/or alleys, hereby relinquishing all our rights, title and interest in said lands for such purposes.

Prior to the time that the plat was filed, Mrs. Fitts and the other owners of the property effected a partition of their lands. Either in September or at the middle of October of 1977, Mrs. Fitts' husband, Duane, had his County Commissioner clear and blade with a county maintainer a portion of the North–South street beginning at the Butane Truck Route and extending on north for an unknown distance. According to Mr. Fitts, this was done as a fence row to enable him to erect a fence setting off the land that belonged to Mrs. Fitts. Although

the location of the Fitts' property is not before us in a manner that we can understand, Mr. Fitts started to erect a fence and strung one strand of barbed wire about 3′ off the ground, the strand crossing the bladed strip. As part of his fence, he placed two large wooden fence posts on either side of the bladed strip, ran a single strand of barbed wire between the two posts, and, according to him, marked it clearly with long streamers.

On November 30, 1977, the fourteen-year-old Plaintiff, Charles Stewart, Jr., drove his dirt bike off of the Butane Truck Route north onto the cleared strip. He had accelerated his speed to approximately 35 m.p.h. when he ran into the barbed wire strand and was severely injured. It was undisputed that the strip that had been cleared by the County grader was physically the southern portion of that platted North–South street. It was stipulated, however, that the plat and the Dedication Deed were never presented to the Commissioners Court of Andrews County or to the Planning Commission, or to the City Council of the City of Andrews, and were never accepted formally or informally by those governing bodies.

Suit was filed on behalf of the injured minor on the theory that the North–South street was a public road and that Mr. and Mrs. Fitts were negligent in common–law as well as negligent as a matter of law, by intentionally barricading the public road. The Defendants denied that the strip was ever a public road; alleged that the barricade was plainly marked and had been erected on their own land; and that the boy was both a trespasser and contributorily negligent in his actions.

Plaintiffs, by their first point, assert that the strip of land was a public road as a matter of law, and no jury issue regarding the same should have been submitted.

■ Whether the North–South street at the location of the accident was a public road depends upon whether the land had ever been dedicated as a public street. Dedications are classified as either statutory or at common–law, the latter being the type before us; the parties being in agreement on that point by virtue of their stipulation. 19 Tex.Jur.2d *dedication* sec. 3 (1960). In order to constitute a valid dedication, it is essential that the owner of the land should intend to devote the land in question to the use and benefit of the public. This intention must be clearly manifest. *Owens v. Hockett*, 151 Tex. 503, 251 S.W.2d 957 (1952). In this case, the intention on the part of the landowners to dedicate the North–South street to the public is evident. The Defendants' testimony that neither the plat nor the Dedication Deed was meant to express any intent on their part to dedicate any part of the land as streets or roads is not to be considered. There was no attempt by the Defendants to reform the map and Deed, and the two instruments taken together were clear and unambiguous, and expressed an intention on their part to dedicate the various strips to the public. No fact issue as to the intent was present. *North Clear Lake Development Corporation v. Blackstock*, 450 S.W.2d 678 (Tex.Civ.App.–Houston [14th Dist.] 1970, writ ref'd n.r.e.); *Callejo v. City of Garland*, 583 S.W.2d 925 (Tex.Civ.App.–Dallas 1979, writ ref'd n.r.e.); 19 Tex.Jur.2d *Dedications* sec. 19 (1960).

■ What has been said so far concerns only the express offer made by the landowners. The offer or tender of use to the public must be accepted by or on behalf of the public in order to constitute a valid or complete dedication. 19 Tex.Jur.2d *Dedications* sec. 25 (1960). The Plaintiffs contending that they established this last needed element as a matter of law, we will examine the evidence in the light most favorable in support of the negative jury finding and consider only the evidence and inferences which support the finding, and reject the evidence and inferences contrary to the finding. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974). According to the Defendants and their witnesses, there was never any general use made of the road; that occasional trash dumpers and dirt bikers used the property but that use was not confined to the limits

of the claimed road, but was a general one over the whole pasture. No property had ever been sold in the tract of land, and it had only been divided among the four owners who had inherited it from their father. The County Commissioner, Mr. Hathcock, testified that there was no road there and while the strip was graded by a maintainer somewhere around the middle of October, it was done for the purpose of allowing Mr. Fitts to build a fence because he couldn't set his corners and fence posts due to the many mesquites in the area. He also testified that Fitts did not ask him to cut the right of way from Butane Truck Route northward to the Fitts' property, but that, because of a washed out place, the property had to be bladed to get the maintainer to the Fitts' property. Admittedly, the Plaintiffs' evidence is to the contrary, but, it was also to the effect that the Plaintiffs and several other young motorcycle riders had used the North–South street for only a short period of time before the date of the accident, and had ridden their motorcycles on a few occasions where the accident happened. The contention of the Plaintiffs that there had been an acceptance of the Dedication Deed and plat by actual public use such as create a dedication as a matter of law is overruled.

■ Plaintiffs' further argument that since the acts of dedication were so clear, plain and unequivocal that no acceptance was required is also rejected. The two cases relied on by the Plaintiffs are not in point as they involve sales of lots to persons relying on the plats after the offer of dedication had been made. See: *City of Houston v. Hughes*, 284 S.W.2d 249 (Tex.Civ. App.–Austin 1955, writ ref'd n.r.e.); *Kelly v. City of Marlin*, 340 S.W.2d 507 (Tex.Civ. App.–Waco 1960, no writ). Plaintiffs' first point is overruled.

■ Plaintiffs' second point complains of the form of submission of Special Issue No. 1, the issue inquiring of the jury if the accident occurred on a road *intended* to be dedicated as a public road. The Plaintiffs argue that the issue asked the jury what the Defendants secretly intended in the face of the plat and the unambiguous dedication, and was erroneous under the principles previously discussed. The merit of the argument fails as we fail to find where any objection was made to the issue upon the ground now urged. Complaint was waived. Rule 274, Tex.R.Civ.P.

■ Legal and factual sufficiency evidence attacks are made on the answers by the jury to the first two issues. As to the negligence issues, we point out that there was evidence by the Defendants that the fence was constructed on their own land and that it was plainly marked. The same attacks are made as to the contributory negligence and proximate cause findings regarding the minor's conduct. We again point out that there was evidence that the wire strand was clearly marked and that the accident happened on a clear day, and that, if the minor had been looking, he could have seen the obstruction. In reviewing the legal sufficiency attacks, we have considered only the evidence and inferences therefrom which support the various jury findings, and in reviewing those of a factual sufficiency nature, we have considered all of the evidence. All of the attacks are overruled.

The judgment of the trial Court is affirmed.