TEXAS REAL ESTATE COMMISSION, Appellant,

v.

David C. HOOD et ux., Appellees.

No. 5641.

Court of Civil Appeals of Texas, Eastland.

June 4, 1981.

Rehearing Denied July 2, 1981.

Nancy N. Lynch, Asst. Atty. Gen., Austin, for appellant.

Ralph A. Rash, Austin, for appellees.

RALEIGH BROWN, Justice.

This case involves the construction of the Real Estate Recovery Fund provided for in the Real Estate License Act, Tex.Rev.Civ. Stat.Ann. art. 6573a, § 8 (Vernon Supp. 1980–1981). David C. Hood and wife, Brenda S. Hood, secured a judgment for $1,800 actual damages and $8,000 attorney's fees against Fred Woods for certain acts committed by him while he was a duly licensed real estate broker. Failing to satisfy the judgment from the assets of Woods, David and Brenda Hood filed an application for payment of the judgment out of the Real Estate Recovery Fund. The trial court granted the application, awarding recovery of $1,800 actual damages and $8,000 attorney's fees, but denied recovery for additional attorney's fees. The Real Estate Commission appeals the amount of attorney's fees awarded in the original suit. Mr. and Mrs. Hood contend in a cross-point that the trial court erred in refusing to allow attorney's fees for presenting the application and for handling this appeal. We reform and affirm.

Part 5 of the Article provides:

When the real estate commission receives notice of entry of a final judgment and a hearing is scheduled under Part 3(d) of this section, the commission may notify the Attorney General of Texas of its desire to enter an appearance, file a response, appear at the court hearing, defend the action, or take whatever other action it deems appropriate on behalf of, and in the name of, the defendant, and

take recourse through any appropriate method of review on behalf of, and in the name of, the defendant. In taking such action the real estate commission and attorney general *shall act only to protect the fund from spurious or unjust claims.* (emphasis added)

The trial court in findings of fact concluded in part:

7. The Commission has not shown that the amount of attorney's fees awarded in the original cause, No. 285,727, is unjust or spurious;

8. The claimants have shown that said amount is not unjust or spurious. . . .

■ These findings have not been challenged on appeal. They are, therefore, final and we are bound by them. *Katz v. Rodriguez*, 563 S.W.2d 627 (Tex.Civ.App.— Corpus Christi 1977, writ ref'd n. r. e.); *Whitten v. Alling & Cory Company*, 526 S.W.2d 245 (Tex.Civ.App.—Tyler 1975, writ ref'd).

■ Since the statute authorizes the real estate commission and the Attorney General "only to protect the fund from spurious or unjust claims," and the trial court has found in unchallenged findings that the award of the $8,000 attorney's fees was not spurious or unjust, we affirm the award of such fees.

Our holding makes it unnecessary to discuss the state's challenge to the trial court's holding that the issue of attorney's fees was determined by the judgment in the original suit and, thus, was res judicata. The other points of error presented by the Texas Real Estate Commission have been considered and are overruled.

Recovery of attorney's fees are permitted under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann., § 17.41 et seq., (Vernon Supp.1980–1981). *Barnhouse Motors, Inc. v. Godfrey*, 577 S.W.2d 378 (Tex. Civ.App.—El Paso 1979, no writ). The Hoods' suit against Woods was such a suit. Therefore, in their original suit, David and Brenda Hood were properly awarded attorney's fees.

Part 10 of Article 6573a, § 8 provides:

Any person receiving payment out of the real estate recovery fund pursuant to Section 8 of this Act shall be entitled to receive reasonable attorney fees as determined by the court, subject to the limitations stated in Part 8 of this section.

The court in *Eddins-Walcher Butane Company v. ·Calvert*, 156 Tex. 587, 298 S.W.2d 93 (1957) said:

Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible. . . .

■ A person is entitled to receive payment out of the real estate recovery fund only after compliance with the other provisions of Section 8 which includes the obtaining of a judgment that is unsatisfied. In an appropriate case, as the case at bar, judgment would include recovery of attorney's fees. Therefore, for Part 10 of the statute to have any meaning, recovery of additional attorney's fees would be authorized for the presentation and handling of an application for payment out of the fund. We hold, therefore, that the trial court erred in refusing to award attorney's fees for services rendered in presenting the application for recovery from the real estate recovery fund.

■ The Commission argues that the statutory limitation of Tex.Rev.Civ.Stat. Ann. art. 6573a, § 8, Part 8(c) (Vernon Supp.1980–1981), as amended effective September 1, 1979, should not be applied retroactively. Therefore, the maximum recovery to which the Hoods are entitled is $10,-000, not the $20,000 which the amended statute now provides. We agree.

The trial court has found:

a. The application herein was made after the effective date of the 1979 amendments to Section 8 of Article 6573a;

b. A reasonable attorney's fee for the presentation, preparation and trial of plaintiffs' application and claim for payment out of the real estate recovery fund is *$2,000.00.*

c. A reasonable fee for the service of plaintiffs' attorney in the event of an appeal of the order entered herein to the Court of Civil Appeals is *$1,500.00.*

d. A reasonable fee for the services of plaintiffs' attorney in the event of an application for writ of error to the Supreme Court of Texas is *$1,500.00.*

Part 3(b) of the statute provides:

When an aggrieved person recovers a valid judgment in a court of competent jurisdiction against a real estate broker, or real estate salesman, on the grounds described in Part 1(a) of this section that occurred on or after the effective date of this Act, the aggrieved person may, after final judgment has been entered, execution returned nulla bona, and a judgment lien perfected, file a verified claim in the court in which the judgment was entered and, on 20 days' written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund of the amount unpaid on the judgment, subject to the limitations stated in Part 8 of this section.

The effective date of the amendment to Part 3(b) was September 1, 1979. It permits recovery by an aggrieved person "on the grounds described in Part 1(a) of this section that occurred on or after the effective date of this act." The trial court found that the judgment upon which David and Brenda Hood support their claim against the real estate recovery fund was founded upon "fraud, deceit, misrepresentations, false pretenses, trickery." It was stipulated that such occurred on or about August 1, 1978. We hold, therefore, that the total payment from the fund to which the Hoods are entitled is limited to $10,000. *Fritsch v. Texas Real Estate Commission,* 587 S.W.2d 209 (Tex.Civ.App.—Beaumont 1979, no writ).

The judgment is reformed to award a total of $10,000, which includes an additional award of $200 attorney's fees for presenting the application for payment. As reformed, the judgment is affirmed.