Lisa Puente MASON, Appellant,

v.

**DALLAS COUNTY CHILD WELFARE UNIT OF the TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 05–89–00708–CV.

Court of Appeals of Texas, Dallas.

June 11, 1990.

Julie C. Reedy, for appellant.

David Cole, B. Jay Carmichael, Joanne M. Hurtekant, for appellee.

Before STEWART, BURNETT and WHITTINGTON, JJ.

## OPINION

BURNETT, Justice.

Lisa Puente Mason appeals a judgment terminating her parental rights to her daughter, Y———— P————. In eighteen points of error, Mason contends that: (1) the trial court erred in overruling her motion to strike the intervention of Y———— P————'s foster parents from the termination proceedings; (2) there was no evidence or insufficient evidence to support the jury's findings; (3) the trial court erred in overruling her motion for directed verdict; and (4) the trial court erred in failing to include her requested jury instructions.

We overrule all of her points and affirm the trial court's judgment.

On March 10, 1988, Mason took Y———— P———— to the hospital because the back of Y———— P————'s head was swollen. Y———— P————, who was five months old at the time, was examined and it was determined that she had a skull fracture as well as several healing rib fractures. Mason offered no explanation of how the child sustained the injuries. In the months preceding her head injury, Y———— P———— had received medical treatment for various ailments. On May 25, 1988, the Dallas County Child Welfare Unit of the Texas Department of Human Services (Child Welfare) filed a petition for the termination of Mason's parental rights to Y———— P————. After a jury trial, the trial court terminated Mason's parental rights to Y———— P————.

■ In her points of error one and two, Mason contends that the trial court erred in overruling her motion to strike the intervention of Y———— P————'s foster parents from the trial on termination because: (1) the foster parents had no standing to intervene; and (2) the presence and active participation of the foster parents at trial deprived Mason of her due process and equal protection rights under the Texas Constitution and the United States Constitution. The record does not reflect a ruling by the trial court on Mason's motion. Thus, nothing is preserved for review. TEX.R.APP.P. 52(a). We overrule Mason's first two points of error.

■ In Mason's points of error three through six, eight through eleven, and thirteen through sixteen, she contends that the trial court erred in terminating her parental rights based on the jury's findings to jury questions numbers one, two, and three because there was no evidence, or in the alternative, insufficient evidence, to support the jury's findings. In point of error eighteen, Mason contends that the trial court erred in overruling her motion for directed verdict because the evidence was clear that Child Welfare failed to seek means of protecting the physical and emotional safety and well-being of the child less restrictive than termination of the par-

ent-child relationship. The standard of review in a directed verdict case is whether there is any evidence of probative force to raise fact issues on the questions presented. *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976); *Anbeck Co. v. Zapata Corp.*, 641 S.W.2d 608, 617 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Thus, Mason contends in point eighteen that there is no evidence that Child Welfare sought means less restrictive than termination.

■ The case before us was tried under a pilot project in Dallas County in which the record is made by an electronic recording system. *See* AMENDED ORDER OF THE TEXAS SUPREME COURT, Jan. 23, 1989.[1] To proceed on a no evidence or insufficient evidence point in a case in which the record is electronically recorded, an appellant must bring forth a complete written transcription of the statement of facts. *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206, 208 (Tex.App.—Dallas 1987, writ denied). While Mason filed the complete electronic statement of facts, she appended to her brief only a partial written transcription of the electronic record. Without bringing the complete written transcription of the recorded statement of facts, Mason cannot succeed on any point contending that there is no evidence or insufficient evidence in the entire record. We overrule Mason's no evidence and insufficient evidence points of error as well as her point of error challenging the denial of the motion for directed verdict.

■ In her point of error seven, Mason contends that the trial court erred in failing to include her requested instruction after jury question number one. Her requested jury instruction stated: "You are instructed that this question refers only to the acceptability of the child's living conditions and does not concern the conduct of the parent toward the child." Jury question number one read: "Do you find by clear and convincing evidence that [Mason] has knowingly placed or knowingly allowed the child, Y‒‒‒‒ P‒‒‒‒, to remain in conditions or surroundings which endanger the physical or emotional well-being of the child?" The trial court included the following instruction after jury question number one: "You are instructed that this question refers only to the acceptability of the child's environment." The trial court did not endorse Mason's written requested instruction "Modified as follows," nor did the trial court sign the request. *See* TEX.R. CIV.P. 276. It is apparent, however, from the record that the trial court included a modified version of Mason's requested instruction after jury question number one. The record also shows that Mason did not object to the inclusion of the modified instruction. Thus, Mason did not preserve her point for our review. TEX.R.APP.P. 52(a). We overrule point of error seven.

■ In her point of error twelve, Mason contends that the trial court erred in failing to include the following requested instruction after jury question number two: "You are instructed that this question requires the cause of the danger to the child, if any, to be the parent's conduct alone and not the conduct of any third party." The trial court denied Mason's requested instruction. Section 15.02(1)(E) of the Texas Family Code states that a termination of the parent-child relationship may be granted if there is a finding that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX.FAM.CODE ANN. § 15.02(1)(E) (Vernon Supp.1990). The jury question was, "Do you find by clear and convincing evidence that [Mason] has engaged in conduct or knowingly placed the child, Y‒‒‒‒ P‒‒‒‒, with persons who engaged in conduct which endangers the physical or emotional well-being of the child?" The jury question as given tracks the precise language of section 15.-02(1)(E). We find no error in the trial court's denial of the requested instruction. We overrule point of error twelve.

1. The complete text of the January 23, 1989 Amended Order is set forth in an appendix to this opinion. The original order of January 8, 1986, is set forth in an appendix to *Darley v. Texas Uvatan, Inc.*, 741 S.W.2d 200, 204–06 (Tex. App.—Dallas 1987, no writ).

In her point of error seventeen, Mason contends that the trial court erred in failing to include the following requested instruction after jury question number three: "You are further instructed in order to answer Question No. 3 'We Do,' you must find that it is impossible to achieve best interest through any means other than termination." Question number three to the jury asked, "Do you find by clear and convincing evidence that termination of the parent-child relaitonship [sic] between the mother, [Mason], and the child Y_____ P_____, is in the best interest of the child?" The following jury instruction was given with other instructions before the three jury questions: "Termination of the parent-child relationship is in the best interest of the child if it is impossible to achieve the goal of best interest of the child through any less restrictive means other than termination." As with Mason's requested instruction for jury question one, the trial court did not endorse Mason's request "Modified as follows," nor did the trial court sign the request. However, the record reveals that the trial court included a modified version of Mason's requested instruction in the general instructions to the jury. The record also shows that Mason did not object to the modified instruction given by the trial court. Thus, Mason failed to preserve any complaint for appellate review. TEX.R.APP.P. 52(a). We overrule point of error seventeen.

We affirm the trial court's judgment.

APPENDIX

IN THE SUPREME COURT OF TEXAS

AMENDED ORDER

JANUARY 23, 1989

An Order amending and clarifying an Order of this Court issued January 8, 1986, to determine if significant reductions can be made in the time required for appellate procedures and in the cost thereof:

IT IS HEREBY ORDERED that courts of Dallas County hearing civil matters may continue a pilot project to study the use of an electronic recording system until further orders of this Court, but not beyond December 31, 1990.

1. *Application.* This Order shall govern the procedures in the courts of Dallas County in proceedings in civil matters in which a record is made by electronic tape recording, and appeals from such proceedings.

2. *Duties of Court Recorders.* No stenographic record shall be required of any civil proceedings conducted pursuant to the pilot project. The court shall designate one or more persons as court recorders, whose duties shall be:

a. Assuring that the recording system is functioning and that a complete, distinct, clear and transcribable recording is made;

b. Making a detailed, legible log of all proceedings while recording, indexed by time of day, showing the number and style of the proceeding before the court, the correct name of each person speaking, the nature of the proceeding (e.g., voir dire, opening, examination of witnesses, cross-examination, argument, bench conferences, whether in the presence of the jury, etc.), and the offer, admission or exclusion of all exhibits;

c. Filing with the clerk the original log and a typewritten log prepared from the original;

d. Filing all exhibits with the clerk;

e. Storing or providing for storing of the original recording to assure its preservation as required by law;

f. Prohibiting or providing for prohibition of access by any person to the original recording without written order of the presiding judge of the court;

g. Preparing or obtaining a certified cassette copy of the original recording of any proceeding, upon full payment of any charge imposed therefor, at the request of any person entitled to such recording, or at the direction of the presiding judge of the court, or at the direction of any appellate judge who is presiding over any matter involving the same proceeding, subject to the laws of this state, rules of procedure, and the instructions of the presiding judge of the court;

h. Performing such other duties as may be directed by the judge presiding.

3. *Statement of Facts.* The statement of facts on appeal from any proceeding of which an electronic tape recording has been made shall be:

a. A standard cassette recording, labeled to reflect clearly the contents of the cassette, and numbered if more than one cassette is required, certified by the court recorder to be a clear and accurate copy of the original recording of the entire proceeding;

b. A copy of the typewritten and original logs filed in the case certified by the court recorder; and

c. All exhibits, arranged in numerical order and firmly bound together so far as practicable, with a list in numerical order and a brief identifying description of each.

4. *Time for Filing.* The court recorder shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error. No other filing deadlines as set out in the Texas Rules of Appellate Procedure are changed.

5. *Appendix.* Each party shall file with his brief an appendix containing a written transcription of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted. Transcriptions shall be presumed to be accurate unless objection is made. The form of the appendix and transcription shall conform to the specifications of the Supreme Court.

6. *Presumption.* The appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of an electronic recording.

7. *Supplemental Appendix.* The appellate court may direct a party to file a supplemental appendix containing a written transcription of additional portions of the recorded statement of facts.

8. *Paupers.* Texas Rule of Appellate Procedure 53(j)(1) shall be interpreted to require the court recorder to transcribe or have transcribed the recorded statement of facts and file it as appellant's appendix.

9. *Accuracy.* Any inaccuracies in transcriptions of the recorded statement of facts may be corrected by agreement of the parties. Should any dispute arise after the statement of facts or appendices are filed as to whether an electronic tape recording or any transcription of it accurately discloses what occurred in the trial court, the appellate court may resolve the dispute by reviewing the recording, or submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts or transcription conform to what occurred in the trial court.

10. *Costs.* The expense of appendices shall be taxed as costs at the rate prescribed by law. The appellate court may disallow the cost of portions of appendices that it considers surplusage or that do not conform to the specifications prescribed by the Supreme Court.

11. *Other Provision.* Except to the extent inconsistent with this Order, all other statutes and rules governing the procedures in civil actions shall continue to apply to those proceedings of which a record is made by electronic tape recording under the pilot project approved for use in Dallas County.

SIGNED AND ENTERED IN DUPLICATE ORIGINALS this the 23rd day of January, 1989.

s/Thomas R. Phillips
Franklin S. Spears
C.L. Ray
Raul A. Gonzalez
Oscar H. Mauzy
Eugene A. Cook
Jack Hightower
Nathan L. Hecht
Lloyd A. Doggett