**William J. KERSHNER, Appellant,**

v.

**The STATE BAR OF TEXAS, Appellee.**

**No. B14–93–00437–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1994.

Rehearing Denied July 14, 1994.

R. Earl Lord, Hemphill, William J. Kershner, San Leon, for appellant.

Linda A. Acevedo, Austin, for appellee.

Before SEARS, LEE and BARRON, JJ.

## OPINION

LEE, Justice.

This is a disciplinary proceeding. Appellee, The State Bar of Texas (State Bar), filed suit against appellant, William J. Kershner, an attorney, for alleged professional misconduct in charging a clearly excessive fee and in failing to render an appropriate account to his client concerning the client's property in the attorney's possession. The case was tried to the court which found in favor of the State Bar and entered judgment publicly reprimanding Kershner and ordering restitution on the client's behalf. Kershner appeals, bringing eight points of error. We affirm.

In June 1988, Mrs. Bea Whitworth, the complainant, contacted Kershner by phone seeking advice on some business matters.[1] Whitworth expressed her concern over her ex-husband/business partner excluding her from their restaurant business. Whitworth explained how her ex-husband and his new wife controlled all incoming cash and prevented her from knowing the status of the business. On June 28, 1988, after being retained by the complainant to represent her in this partnership dispute, Kershner advised Whitworth that she should file a petition for termination of the partnership and an accounting, request a show cause hearing to have the court appoint a receiver, and seek an injunction to prevent her ex-husband from further damaging the business. Kershner further advised her that his fee for these services was $2,500, and any work needed beyond a show cause hearing would warrant a fee of up to $7,000. Whitworth agreed to have Kershner prepare and file the necessary documents. However, Whitworth was unable to pay Kershner's fee on the spot. At Kershner's initiative, he and Whitworth executed a written agreement whereby Whitworth agreed to pay Kershner $1,000 before July 15, 1988, and $1,500 before October 1, 1988. As part of the agreement, Whitworth left with Kershner her wedding and engagement rings, valued at $7,000.[2] The rings served as security for payment of the $2,500 worth of legal services. Whitworth also gave Kershner $250.00 to cover filing costs.

Later the same day, Kershner filed the petition for termination of partnership and accounting. Kershner also obtained a date for the show cause hearing and had citations for service issued. The total cost of filing was $185.00. Kershner never returned the balance of the $250.00 to Whitworth. A few days before the show cause hearing, Whitworth decided not to pursue her lawsuit, and by letter, demanded that Kershner provide her with a written accounting of his fees and services, and further demanded the return of her rings. Kershner refused both requests.

In November 1988, Whitworth filed a complaint with the State Bar Grievance Committee.[3] After some investigation, the grievance committee decided to file disciplinary proceedings against Kershner. The State Bar filed its disciplinary petition on October 30, 1992. The petition alleged that Kershner violated several disciplinary rules of the Texas Code of Professional Responsibility by: entering into an agreement for, charging, or collecting a clearly excessive fee (DR 2–106); failing to render appropriate accounts to a

---

1. Mrs. Whitworth died prior to trial.

2. Subsequent appraisals received by Kershner valued the rings somewhere between $3,500 and $5,000.

3. This suit is governed by the State Bar Rules in effect before the implementation of the current Texas Disciplinary Rules of Professional Conduct (effective January 1, 1990) and the Texas Rules of Disciplinary Procedure (effective May 1, 1992). See TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X).

client concerning client funds, securities, or other properties in the lawyer's possession (DR 9–102(B)(3); and failing to promptly pay or deliver to a client, as requested, funds, securities, or other properties in the lawyer's possession which the client is entitled to receive (DR 9–102(B)(4). *See* State Bar Rules, art. X, § 9 (Texas Code of Professional Responsibility), TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon 1988), *repealed by* ORDER OF SUPREME COURT, TEX. DISCIPLINARY R. PROF. CONDUCT (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X, § 9) (effective January 1, 1990). After a trial to the court, appellant was publicly reprimanded and the rings were ordered returned to an heir of Mrs. Whitworth.

■ In his first point of error, appellant contends the trial court erred in denying his plea in abatement. The basis of appellant's plea in abatement was that his rights had been violated because he was not allowed a hearing before the grievance committee. Article X, section 10(E) of the State Bar Rules provides that "[t]he chairman of the grievance committee ... *may* order that an investigatory hearing be conducted by the committee but *shall* order an investigatory hearing *at the request of the respondent*." (emphasis added). *See* State Bar Rules, art. X, § 10(E), TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon 1988), *repealed by* ORDER OF SUPREME COURT, TEX.R. DISCIPLINARY P., *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1, § 1.04 (Vernon Supp.1994) (effective May 1, 1992).

■ There is no indication in the record before this court that appellant requested a hearing before the grievance committee. In fact, two members of the committee filed affidavits stating that at no time did Kershner request the committee conduct an investigatory hearing on the Whitworth complaint. The only time Kershner acknowledged a hearing was in a letter to committee chairman, James Watkins, stating that "should a hearing be necessary, [he] would like to be present." This is not a sufficient request for an investigatory hearing. Failure to conduct a hearing, absent a request by the respondent, does not violate any due process rights.

*See Minnick v. State Bar of Texas*, 790 S.W.2d 87, 89 (Tex.App.—Austin 1990, writ denied). Appellant's first point of error is overruled.

■ In his second point of error, appellant contends there is no evidence to support the trial court's denial of his motion for judgment. Although appellant, both on appeal and at trial, labeled his motion a motion for judgment, the record suggests that the motion was acting as a motion for directed verdict. Appellant tendered the motion orally and in writing after the State Bar rested and before he opened his case. Therefore, we will address appellant's second point of error as though it were an appeal from the denial of a motion for directed verdict. In his fourth and sixth points of error, appellant contends there is no evidence to support the court's finding that he charged a clearly excessive fee. Because an appeal from the denial of a motion for directed verdict is in essence a challenge to the legal sufficiency of the evidence, we will address appellant's second, fourth, and sixth points together. *See Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976); *Mason v. Dallas County Child Welfare*, 794 S.W.2d 454, 455–56 (Tex. App.—Dallas 1990, no writ).

■ In considering a no evidence challenge, the appellate court must consider only the evidence and inferences tending to support the court's finding or verdict, and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the verdict, the no evidence challenge cannot be sustained. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987).

■ Appellant does not attack any specific findings of fact entered by the trial court on this issue. He attacks only the trial court's conclusion that his actions amounted to a violation of DR 2–106 (prohibiting the entering into an agreement for, charging, or collecting a clearly excessive fee). Findings of fact which are not challenged by proper assignment of error on appeal are binding on

the parties as well as the reviewing court. *See Texas Real Estate Commission v. Hood,* 617 S.W.2d 838, 840 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.); *Whitten v. Alling & Cory Co.,* 526 S.W.2d 245, 248 (Tex.Civ. App.—Tyler 1975, writ ref'd).

Kenneth Kaye testified for the State Bar. Kaye was the grievance committee member assigned to investigate the Whitworth complaint. On cross-examination by appellant, Kaye testified that his investigation revealed that appellant put no more than three to five hours in the case. The documents prepared by appellant amounted to only three pages. Kaye also testified that in light of what little work was performed by appellant for the complainant, the $2,500 fee was not reasonable and clearly excessive. This is some evidence that appellant charged a clearly excessive fee.

Appellant, however, argues that the testimony from his expert witnesses establishes that his fee was not unreasonable and not clearly excessive. In a no evidence review, such testimony is not considered. *See Davis,* 752 S.W.2d at 522. Accordingly, appellant's second, fourth, and sixth points of error are overruled.

■ In his third point of error, appellant contends the trial court erred in allowing Kenneth Kaye to testify because he was not identified as an expert witness by the State Bar. Appellant's real complaint appears to be that Kaye expressed an opinion as an expert as to the excessiveness of Kershner's fee when he was not listed as an expert witness.

■ First, the record reveals that appellant, not the State Bar, elicited the expert testimony from Kaye. Appellant cannot now complain of testimony he himself extracted, just because the testimony turned out unfavorable to him. Second, we are unable to find any objection at trial by Kershner that Kaye had not been identified as an expert witness.[4] At trial, appellant's only objection to Kaye testifying was that he was not listed as a witness in response to interrogatories from Kershner. The ground of error presented on appeal is that Kaye was not identified as an expert witness. Appellant's complaint on appeal does not comport with his objection at trial; therefore, appellant has waived error. TEX.R.APP.P. 52(a); *Dayton Hudson Corp. v. Altus,* 715 S.W.2d 670, 675 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied,* 481 U.S. 1073, 107 S.Ct. 2471, 96 L.Ed.2d 364 (1987); *Texas Imports v. Allday,* 649 S.W.2d 730, 736 (Tex. App.—Tyler 1983, writ ref'd n.r.e.); *Stewart v. Fitts,* 604 S.W.2d 371, 374 (Tex.Civ.App.— El Paso 1980, writ ref'd n.r.e.); *Wilkerson v. Pic Realty Corp.,* 590 S.W.2d 780, 782 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ). Even if the ground of error alleged had been the same as the trial objection, appellant's point would still fail. In its response to Kershner's interrogatory requesting persons with knowledge of relevant facts, the State Bar included in its answer "exhibit # 2." Exhibit two listed all persons with knowledge of relevant facts and included "[a]ll [g]rievance [c]ommittee members listed in [e]xhibit # 5." Exhibit # 5 listed all members of the grievance committee complete with addresses and telephone numbers and included Kenneth Kaye. Therefore, appellant was given adequate notice of Kenneth Kaye being a person with knowledge of relevant facts. Appellant's third point of error is accordingly overruled.

■ In his fifth point of error, appellant contends the trial court erred in ordering the rings returned to the heirs of Mrs. Whitworth. Appellant argues that the trial court's actions amounted to confiscation of property without due process. Again, the record does not show that this complaint was ever brought to the attention of the trial court. In order to preserve error for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds thereof. TEX.R.APP.P. 52(a). *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 568–69 (Tex.App.— Houston [14th Dist.] 1990, writ denied). A party cannot raise a ground of error on appeal without first raising the complaint in

---

4. When expert testimony was being elicited from Kaye by Kershner, the State Bar objected on the basis that neither side had identified Kaye as an expert. However, the objection was withdrawn.

the trial court. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981).

■ Even had a proper objection been given to the trial court, appellant's contention is without merit. The State Bar Rules allow the trial court, upon finding professional misconduct, to impose as sanctions, restitution to persons financially injured. *See* State Bar Rules, art. X, § 8(6) Tex.Gov't Code Ann., tit. 2, subtit. G app. (Vernon 1988), *repealed by* Order of Supreme Court, Tex.R. Disciplinary P., *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1, § 1.04 (Vernon Supp. 1994) (effective May 1, 1992). Appellant's fifth point of error is overruled.

■ In his final two points of error, appellant contends the trial court's judgment finding a violation of DR 9–102(B)(3) is vague and ambiguous. DR 9–102(B)(3) provides that a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them. *See* State Bar Rules, art. X, § 9 (Texas Code of Professional Responsibility), Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon 1988), *repealed by* Order of Supreme Court, Tex. Disciplinary R. Prof. Conduct (1989), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1994) (State Bar Rules art. X, § 9) (effective January 1, 1990). Appellant bases his contention on several additional conclusions of law entered by the trial court which state that the $250.00 filing fee Kershner received from Whitworth constituted a non-refundable filing fee, and that no itemization of legal services was necessary as the parties were governed by a written contract.

■ If the trial court's controlling findings of fact will support a correct legal theory, incorrect conclusions of law will not require reversal. *City of San Antonio v. Aguilar,* 696 S.W.2d 648, 653 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Southern v. Glenn,* 677 S.W.2d 576, 581 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

The trial court's findings of fact relevant to this issue were:

7. Whitworth, on June 28, 1988, also gave to Kershner $250.00 to cover the costs related to the filing of a lawsuit on her behalf.

8. Kershner paid not more than $188.50 of that $250.00 in filing fees and related costs, and at no time returned the remaining $61.50 to Whitworth.

12. After June 28, 1988, Whitworth demanded that Kershner provide her with a written accounting of Kershner's fees and services, and also demanded that Kershner return her ring set.

13. At no time did Kershner provide the accounting demanded by Whitworth.

14. After receiving Whitworth's demand for an accounting, Kershner advised Whitworth that the ring set was now his property, and that he could do with it as he wished.

15. At no time did Kershner return Whitworth's ring set.

17. Kershner retained Whitworth's rings in his possession from June 28, 1988, until February 18, 1993, on which date they were tendered to the Court.

Again, appellant does not attack any specific findings of fact entered by the trial court on this issue. He attacks only the trial court's conclusion that his actions amounted to a violation of DR 9–102(B)(3). Thus, those unchallenged findings of fact which support the trial court's judgment on this issue are binding on this court. *See Texas Real Estate Commission v. Hood,* 617 S.W.2d at 840; *Whitten v. Alling & Cory Co.,* 526 S.W.2d at 248. Furthermore, the evidence clearly supports the findings that Whitworth requested an accounting of Kershner's fees and services and also demanded the return of her rings and that Kershner refused to provide either, as mandated by DR 9–102(B)(3). Because the trial court's findings of fact support the correct legal judgment, we conclude the trial court correctly ruled that appellant violated DR 9–102(B)(3), despite any conclusions of law which state the contrary. *Wirth, Ltd. v. Panhandle Pipe & Steel Inc.,* 580 S.W.2d 58, 63 (Tex.Civ.App.—Tyler 1979, no writ); *Mercedes Dusting Service, Inc. v. Evans,* 353 S.W.2d 894, 895–96 (Tex.Civ.App.—San Antonio 1962, no writ). Appellant's seventh and

eighth points of error are accordingly overruled.

The judgment of the trial court is affirmed.