NUMBER 13-01-561-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



 MARK DIZDAR, D/B/A DIZDAR DEVELOPMENT Appellants,

AND DIZDAR DEVELOPMENT, LTD., 


 v.





JOSE MORENO AND ELIZABETH MORENO, Appellees.






On appeal from the 93rd District Court

of Hidalgo County, Texas.







MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)


 Opinion by Chief Justice Valdez

 Homeowners Jose and Elizabeth Moreno purchased an undeveloped lot in a subdivision. They sued the developer of the
lot, Mark Dizdar d/b/a Dizdar Development ("Dizdar") and Dizdar Development, Ltd., alleging damages resulting from the
incorrect location of the sewer line on their lot. A jury found in favor of the Morenos on their claims for breach of contract,
negligence, deceptive trade practices, and breach of warranty. The jury did not find that Dizdar acted intentionally or with
malice and did not award exemplary damages. 

 The trial court rendered judgment in favor of the Morenos for $8,124.00 in actual damages, plus prejudgment and
postjudgment interest, costs, and attorney's fees. We affirm the judgment of the trial court.

 This is a memorandum opinion. See Tex. R. App. P. 47.4. The parties are familiar with the factual and procedural
background underlying this appeal; therefore, we will not recite the details herein except as necessary to advise the parties
of the Court's decision and the basic reasons for the decision. See id. 

 In his first issue, Dizdar argues that the jury's finding incorrectly placed liability on Mark Dizdar, individually, rather than
Dizdar Development, Ltd. Dizdar argues that the doctrine of "merger" operates to merge all prior transactions between the
parties, whether oral or written, into the deed itself. See Munawar v. Cadle Co., 2 S.W.3d 12, 17 (Tex. App.-Corpus
Christi 1999, pet. denied). Although the earnest money contract defines the seller of the lot as "Dizdar Development," the
warranty deed defines the seller as "Dizdar Development Ltd.," and the signature block references "Dizdar Corp, General
Partner" and includes a signature by "Mark Dizdar, President." Accordingly, Dizdar argues that he could not have been
found liable in his individual capacity. 

 The homeowners brought suit against both Mark Dizdar d/b/a Dizdar Development and Dizdar Development, Ltd. During
the charge conference, the trial court determined that there was insufficient evidence to submit liability questions to the jury
regarding both parties, that is, both Mark Dizdar d/b/a Dizdar Development and Dizdar Development, Ltd., and so the trial
court submitted only issues regarding the liability of Mark Dizdar d/b/a Dizdar Development. Dizdar raised only one
objection to this submission: that there was "no evidence." Dizdar did not argue that the doctrine of merger barred such a
submission. The jury found Mark Dizdar d/b/a Dizdar Development liable, and the judgment was rendered against Mark
Dizdar d/b/a Dizdar Development. Dizdar's objection on appeal fails to comport with his objection at trial; therefore, this
issue is waived. Tex. R. App. P. 33.1; Kerschner v. State Bar of Tex., 879 S.W.2d 343, 347 (Tex. App.-Houston [14th
Dist.] 1994, writ denied). 

 Dizdar's second through fifth issues attack the jury's liability findings. In his fourth issue, he attacks the legal and factual
sufficiency of the evidence to support the jury's finding that he violated the Texas Deceptive Trade Practices Act ("DTPA").
Based on the charge, the jury could have found that Dizdar violated the DTPA by: (1) representing that real property had, or
would have, uses, characteristics, or benefits that it did not have; or (2) representing that real property is, or will be, of a
particular standard, quality, or grade if it was another; or (3) representing that an agreement confers or involves rights,
remedies, or obligations that it did not have or involve; or (4) advertising goods with intent not to sell them as advertised. 

 In considering no evidence or legal sufficiency points of error, we consider only the evidence and inferences from the
evidence favorable to the decision of the trier of fact, and disregard all evidence and inferences to the contrary. See State
Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex. 1998); Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995). If more than a scintilla of evidence supports the challenged finding, the no evidence challenge must fail. See
Gen. Motors Corp. v. Sanchez, 997 S.W.2d 584, 588 (Tex. 1999); Mayberry v. Tex. Dep't of Agric., 948 S.W.2d 312, 316
(Tex. App.-Austin 1997, pet. denied).

 In considering a factual sufficiency point, we may not substitute our judgment for that of the trier of fact, but must assess
all the evidence and reverse for a new trial only if the challenged finding shocks the conscience, clearly shows bias, or is so
against the great weight and preponderance of the evidence as to be manifestly unjust. See Maritime Overseas Corp. v.
Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 To recover under the DTPA, the Morenos were required to establish: (1) they were consumers; (2) Dizdar engaged in a
false, misleading, or deceptive act; (3) on which the Morenos relied; and (4) this act constituted a producing cause of the
Morenos' damages. Tex. Bus. & Com. Code Ann. §17.50(a)(1) (Vernon 2002); Branton v. Wood, 100 S.W.3d 645, 648
(Tex. App.-Corpus Christi 2003, no pet.). 

 The Morenos purchased real property from Dizdar, and that property provided the basis for the Morenos' complaints;
therefore, the Morenos were "consumers" under the act. See Boales v. Brighton Builders, Inc., 29 S.W.3d 159, 169 (Tex.
App.- Houston [14th Dist.] 2000, pet. denied). 

 At trial, Dizdar admitted that he promised purchasers of lots that he would provide utility service, and in particular, sewer
service, to each lot; that the sewer service would be located according to the professional engineer's drawing of the plat; and
that the purchaser of the lot would be able to locate the sewer services. Under the earnest money contract, the Morenos
accepted the property in its current condition, subject only to "completion of required improvements and recording of
subdivision plat in records of Hidalgo County." The earnest money contract further expressly provides that the property
will include sanitary sewer utilities.

 The uncontradicted evidence at trial showed that the sewage line and connection were not located according to the plat,
and showed that Dizdar's representatives told the Morenos that the line had not been installed. The Morenos dug a trench
seven feet deep and approximately twenty-five feet wide attempting to find the sewage line as indicated on the plat. The
line and connection were ultimately located on the north side of the lot. 

 Dizdar argues that he was not responsible for the plat. However, we have previously held that the plat, when filed, is the
product of the owner of the land and not of the engineer who prepares the plat. Hartman v. Urban, 946 S.W.2d 546, 550
(Tex. App.-Corpus Christi 1997, no pet.). Moreover, the engineer who designed the sewage line testified that it was not
constructed as designed.

 We find that the evidence is legally and factually sufficient to support the jury's finding of a DTPA violation. We overrule
Dizdar's fourth issue.

 Having overruled Dizdar's fourth issue, we need not address his second, third, and fifth issues. See Tex. R. App. P. 47.1;
see also Checker Bag Co. v. Washington, 27 S.W.3d 625, 634 (Tex. App.-Waco 2000, pet. denied) (where judgment rests
on multiple theories of liability, appellate court need not address all causes if any one theory is valid).

 Dizdar's sixth issue argues that the jury's liability findings were legally and factually insufficient, and thus appellee should
not have been awarded damages, and alternatively, attacks the jury's award of damages as excessive. We have already
found that the jury's liability findings were supported by legally and factually sufficient evidence. 

 The standard of review for an excessive damages complaint is factual sufficiency of the evidence. Maritime Overseas
Corp., 971 S.W.2d at 406;Brownsville Pediatric Ass'n v. Reyes, 68 S.W.3d 184, 191 (Tex. App.-Corpus Christi 2002, no
pet.); N. Am. Refractory Co. v. Easter, 988 S.W.2d 904, 912 (Tex. App.-Corpus Christi 1999, pet. denied). We examine all
of the evidence to determine whether the award is supported by sufficient evidence and order remittitur only if the award is
so against the great weight and preponderance of the evidence as to be manifestly unjust. Southwest Tex. Coors, Inc. v.
Morales, 948 S.W.2d 948, 951 (Tex. App.-San Antonio 1997, no writ). If sufficient probative evidence exists supporting
the jury's verdict, the reviewing court may not substitute its judgment for that of the jury. J. Wigglesworth Co. v. Peeples,
985 S.W.2d 659, 666 (Tex. App.-Fort Worth 1999, pet. denied).

 In the instant case, the jury awarded the homeowners $8,124.00 in actual damages. Dizdar argues that this award is
excessive because the homeowners failed to mitigate their damages by: failing to utilize a professional plumber; waiting to
make the connection to the sewer line after installation of the driveway, thereby causing damage to the driveway during the
search for the sewer line; and failing to "dig as deep as they were supposed to dig" while looking for the sewer line. As an
initial matter, we note that the factual allegations underlying Dizdar's contention that the Morenos failed to mitigate their
damages were hotly disputed at trial. The record indicates that, in the course of their sustained efforts to locate the sewage
connections, the Morenos consulted professional plumbers, Dizdar, the City of Mission, and the engineer who designed the
plat. And, contrary to Dizdar's argument, the record further indicates that the Morenos dug trenches approximately twice as
deep as had been suggested to locate the sewer line.

 At trial, the homeowners submitted evidence showing that they incurred $9,178.52 in out-of-pocket expenses such as
payments for renting backhoes and forklifts, plumbing services, the costs of sewer supplies such as pipe and connections,
labor, and the construction of a new driveway. In considering out-of-pocket expenses, the jury was specifically instructed
to exclude any amount that the Morenos could have avoided incurring by the exercise of reasonable care. The jury awarded
the Morenos $4,924.00 as reasonable and necessary expenses incurred in attempting to correct the problem with the sewer
line, which was $4,254.52 less than the amount requested by the Morenos. 

 Moreno testified that he spent 175 to 180 hours attempting to rectify the problem, including lost work time. At the time,
Moreno was an environmental investigator with the State of Texas who earned $37,000.00 per year, or about $18.00 per
hour. This testimony comprises $3,150.00 in lost time; however, the jury awarded the Morenos only $800.00. 

 At trial, the parties entered a stipulation regarding the amount of interest charges accrued by the homeowners due to the
delay in locating the sewage connections. The Morenos had entered a construction loan charging ten percent interest, with
an increase to eighteen percent interest on maturity. The loan matured on July 15, 1997. According to the stipulation, the
Morenos incurred $2,511.02 in interest charges from June 1, 1997 to July 31, 1997, the per diem interest charged after
maturity was $66.56 per day, and the Morenos incurred $1,331.20 in interest charges from August 1, 1997 to August 20,
1997. The jury awarded the Morenos $2,400.00 in interest expenses.

 We conclude that the evidence was factually sufficient to support the jury's damage award, and thus the damage award was
not excessive. Maritime Overseas Corp., 971 S.W.2d at 406. Dizdar's sixth issue is overruled.

 Dizdar's seventh issue attacks the award of attorney's fees as "grossly excessive in light of the minor damages and
simplicity of the case." In the instant case, the trial court awarded the Morenos $20,000.00 in attorney's fees, with
additional attorney's fees to be awarded in the event of further unsuccessful appeals by appellant. 

 The DTPA allows for the recovery of reasonable and necessary attorney's fees to a prevailing party. Tex. Bus. & Com.
Code Ann. §17.50(d) (Vernon 2002); Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997). 
Factors to consider in determining the reasonableness of a fee include:

 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the
legal service properly; 



 (2) the likelihood that the acceptance of the particular employment will preclude other employment by the attorney; 



 (3) the fee customarily charged in the locality for similar legal services; 



 (4) the amount involved and the results obtained; 



 (5) the time limitations imposed by the client or the circumstances; 



 (6) the nature and length of the professional relationship with the client; 



 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 



 (8) whether the fee is fixed or contingent on results obtained or the uncertainty of collection before the legal services have
been rendered. 



See Arthur Anderson & Co., 945 S.W.2d at 818. 

 In the instant case, counsel for the Morenos submitted written, itemized statements totaling $66,925.86 in attorney's fees
and expenses, and requested that the trial court award the Morenos $57,000.00 in attorney's fees. The lawsuit involved
multiple theories of liability. The Morenos' counsel testified that it was complex and required "a lot of time and
investment." The case was pending for four years prior to trial and had been set for trial on three previous occasions. The
trial itself lasted four days.

 Dizdar's counsel testified that he did not dispute opposing counsels' ability, the hourly fees being charged, or that the
attorneys actually worked the number of claimed hours on the case. However, he further testified that he did not think the
amount of time spent on the case was reasonable given the type of case and the results obtained. Dizdar's counsel thought a
fee of $15,000.00 was "more in line," and that "$15,000.00 would be a reasonable and necessary fee. 

 Although the amount of attorney's fees awarded exceeded the amount of actual damages recovered by the Morenos, this
factor alone is not dispositive, and a review of the entirety of the factors governing the award of attorney's fees does not
suggest that the trial court abused its discretion in awarding $20,000.00. See Wal-Mart Stores, Inc. v. Itz, 21 S.W.3d 456,
484 (Tex. App.-Austin 2000, pet. denied);Checker Bag Co., 27 S.W.3d at 640. The Morenos have met their burden to
show that the attorney's fees were reasonably incurred and necessary to the prosecution of their case. Arthur Andersen &
Co., 945 S.W.3d at 819. We overrule appellant's seventh issue.

 Having overruled each of appellant's issues, the judgment of the trial court is affirmed in its entirety.



 

 Rogelio Valdez,

 Chief Justice



Retired Justice Dorsey not participating.



Opinion delivered and filed

this 30th day of October, 2003.

 





















1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to
section 74.003 of the government code, and whose assignment expired on August 31,2003,did not participate in this
decision. See TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998 ).